# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| 328 SOUTH STREET, LLC, | ) |
| | ) |
| DYLAN JONES, | ) |
| | ) |
| and | ) |
| | ) |
| JOE WIEDERHOLT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201, plaintiff Owners Insurance Company ("Plaintiff") alleges and states the following in support of its Complaint for Declaratory Judgment:

### *The Parties*

1. Plaintiff is organized and existing under the laws of the State of Michigan, having its principal place of business in Lansing, Michigan.

2. Defendant 328 South Street, LLC ("South Street") is a Missouri limited liability company that is managed by its member(s). This defendant can be served by serving its registered agent Dylan Jones at 5501 North Farmer Branch Rd., Ozark, Missouri 65721. Upon information and belief, no member of this defendant is a resident of Michigan.

3. Defendant Dylan Jones is a resident of Greene County, Missouri. He can be served with process at 431 Walnut Street, Apt. B, Springfield, Missouri 65806 or, alternatively, at 5501 North Farmer Branch Rd., Ozark, Missouri 65721.

4. Defendant Joe Wiederholt is a resident of Jackson County, Missouri. He can be served with process at 2932 SW Moore Street, Blue Springs, Missouri 64015.

*Jurisdiction*

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, because of the diversity of the citizenship of Plaintiff and Defendants, and, upon information and belief, the amount in controversy, exclusive of any interest and costs, exceeds $75,000.00.

6. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 2201, because Plaintiff seeks a declaratory judgment against Defendants based upon the construction and the interpretation of insurance contracts entered into between Plaintiff and South Street that are the subject of the actual controversy between the parties.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because all Defendants reside within the State of Missouri and within this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

*Insurance Policy*

8. Plaintiff seeks the interpretation of an insurance policy it issued to South Street, and a declaration of Plaintiff's rights and obligations regarding a lawsuit brought by Wiederholt against Jones, pending before the Circuit Court of Greene County, Missouri, Case No. 1831-CC01011 (hereinafter, the "Underlying Lawsuit"). A copy of the Petition of the Underlying Lawsuit is attached hereto as Exhibit A.

9. Plaintiff issued a policy of insurance to South Street, with policy number 954605-75009721, consisting of Commercial Property Coverage and Commercial General Liability Coverage (hereinafter, the "Policy"). A copy of the Policy is attached hereto as Exhibit B.

10. The Commercial General Liability (CGL) Coverage, and all endorsements thereto, is the only coverage under the Policy that may provide coverage in the Underlying Lawsuit, as the Commercial Property Coverage relates specifically to damages or loss to certain commercial property of South Street which are not claimed in the Underlying Lawsuit.

11. The CGL portion of the Policy contains the following Insuring Agreement under Coverage A:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

***

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

***

12. Coverage A to the CGL portion of the Policy includes the following exclusion:

 **2.** **Exclusions**

 This insurance does not apply to:

  **a.** **Expected Or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

***

13. Coverage B to the CGL portion of the Policy includes the following Insuring Agreement:

**COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

 **1.** **Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or offense and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

   **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

14. Coverage C of the CGL portion of the Policy contains the following Insuring Agreement:

> **1. Insuring Agreement**
>
> **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
>
> **(1)** On premises you own or rent;
>
> **(2)** On ways next to premises you own or rent; or
>
> **(3)** Because of your operations;
>
> provided that:
>
> **(1)** The accident takes place in the "coverage territory" and during the policy period;
>
> **(2)** The expenses are incurred and reported to us within one year of the date of the accident; and
>
> **(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
>
> \*\*\*

15. Coverage C of the CGL portion of the Policy contains the following exclusion:

> **2. Exclusions**
>
> We will not pay expenses for "bodily injury":
>
> \*\*\*
>
> **g. Coverage A Exclusions**
>
> Excluded under Coverage A.
>
> \*\*\*

16. The Policy defines an insured to include:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

    **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business, or your "volunteer workers" only while performing duties related to the conduct of your business. However, none of these "employees" or volunteer workers" are insureds for "bodily injury", "personal injury" or "advertising injury".

        **(1)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

\*\*\*

17. The CGL portion of the Policy includes the following definitions:

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding websites, only that part of a website that is about your goods, products or services for the purpose of attacking customers or supporters is considered an advertisement.

2. "Advertising injury" means injury arising out of one or more of the following offenses:

    a. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your "advertisement";

    b. Oral or written publication, in any manner, of material that violates a person's right or privacy in your "advertisement";

    c. The use of another's advertising idea in your "advertisement"; or

    d. Infringing upon another's copyright, "trade dress" or slogan in your "advertisement".

    \*\*\*

4. "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

    \*\*\*

14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

{2567/0673: 00396289.DOCX.}                    7

Case 4:19-cv-00681-GAF   Document 1   Filed 08/29/19   Page 7 of 11

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owners, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy.

***

**18.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

***

***Underlying Lawsuit***

18.    Wiederholt filed the Underlying Lawsuit against Jones, alleging a claim for negligence. *See* Exhibit A.

19.    Wiederholt alleges that, on October 28, 2017, Jones negligently swung his arms and legs at Wiederholt, striking him (the "Incident"). *See* Exhibit A, ¶¶ 3-4. Wiederholt further alleges that, as a result of Jones' actions, he suffered injury to his face and head. *See* Exhibit A, ¶ 5.

## Felony Complaint

20. On May 4, 2018, the prosecuting attorney of Greene County, Missouri filed a Felony Complaint, alleging two counts of felony relating to the Incident (the "Felony Complaint"). A copy of the Felony Complaint is attached hereto as Exhibit C.

21. As to Count I of the Felony Complaint, Jones is charged with recklessly causing "serious physical injury to Officer Teal by pulling away from Officer Teal" and "causing Officer Teal to fall[.]" Count I of the Felony Complaint also asserts that Officer Teal is a special victim under Mo. Rev. Stat. § 565.002 because Officer Teal is a law enforcement officer who was assaulted in the performance of his official duty or as a direct result of such official duty.

22. As to Count II of the Felony Complaint, Jones is charged with knowingly causing physical injury to Wiederholt by striking him.

23. The Felony Complaint was supported by a Felony Probable Cause Statement, which statement was signed by Corporal Christina Flood of the Springfield Police Department. A copy of the Felony Probable Cause Statement is attached hereto as Exhibit D.

24. The Felony Probable Cause Statement provides, in part, that, prior to October 28, 2017, Jones did not know or have any prior dealings with Wiederholt.

25. The Felony Probable Cause Statement further provides, in part, that Jones punched Wiederholt and kicked Wiederholt in the head. As a result of Jones' actions, Wiederholt ended up unconscious on the ground.

26. The Felony Probably Cause Statement also provides, in part, that after Jones "assaulted" Wiederholt, he walked away and Officer Teal wrestled Jones to the ground.

# DECLARATORY RELIEF

27. Plaintiff restates and incorporates by reference herein all allegations contained in the preceding paragraphs.

28. South Street is the named insured under the Policy.

29. Unless Jones was a member or employee of South Street at the time of the Incident, he is not an insured under the Policy.

30. However, even if Jones was a member or employee of South Street at the time of the Incident, he is only an insured under the Policy while acting on behalf of South Street as a member or employee.

31. At the time of the Incident, and during the Accident, Jones was not acting on behalf of South Street, but rather in his individual capacity. Accordingly, Jones was not an insured for purposes of the Incident.

32. The injuries sustained by Wiederholt, as a result of the Incident, were expected or intended by Jones.

33. The injuries sustained by Wiederholt, as a result of the Incident, were not the result of an accident but were the result of intentional conduct by Jones.

WHEREFORE, plaintiff Owners Insurance Company respectfully prays for this Court to declare the rights and obligations of the parties under the Policy with respect to the Underling Lawsuit and enter judgment finding and declaring:

(1) The provisions of the Policy provide no coverage for the claim asserted by Wiederholt in the Underlying Lawsuit;

(2) Plaintiff has no duty to defend Jones in the Underlying Lawsuit;

(3) Plaintiff has no duty to indemnify Jones for any expense or liability he has incurred or may incur in the Underlying Lawsuit or for any future settlement, judgment, or civil penalty against Jones in the Underlying Lawsuit, or any other action arising out of the Incident set forth in Exhibit A; and

(4) Plaintiff is entitled to such further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

SHAFFER LOMBARDO SHURIN

*/s/ Richard F. Lombardo*
Richard F. Lombardo   MO#29478
Michael F. Barzee   MO#65764
2001 Wyandotte Street
Kansas City, Missouri 64108
816-931-0500
816-931-5775 (fax)
rlombardo@sls-law.com
mbarzee@sls-law.com
ATTORNEYS FOR PLAINTIFF